1844.

MITCHELL
*v.*
WILSON.

</div>

## MITCHELL *v.* WILSON.

A landlord agrees to let premises for a year upon the proposed tenant's giving J C. as security for the rent by the first of February and the tenancy to commence on the first day of May thereafter. The proposed tenant, who is already in under a former tenant, does not give the security by the day fixed, but offers another party who the landlord does not take and also offers S. C. a few days afterwards. The difficulty in getting J. S. is alleged to have been caused by the absence of a friend who was to have secured such suretyship: *Held*, that time was of the essence of the contract and the day having gone by, the landlord could not, then, be compelled to give a lease or receive J. C. as surety.

THE complainant, John Mitchell, desired to remain in certain leasehold premises as a tenant. They had been occupied by one William Augustus Spies, and whose lease was to end on the first day of May one thousand eight hundred and forty-five. He was desirous of moving out; and the complainant, as to hiring, was referred to the landlord, the defendant John Wilson. According to the bill, the latter agreed to give the complainant a lease for a year from the first day of May then next, at the yearly rent of four hundred dollars, with John Campbell as security; and that the intermediate first of February was to be the day when such security was to be given. That the complainant made arrangement with Spies as to the prior time and went into possession for the remainder of his year—and going to con-

<div align="right">

June 23,
1846.

*Landlord
and Ten-
ant.*
*Agree-
ment.*
*Time.*
*Injunction.*

</div>

siderable expense in fitting up the place for his particular business. That, about the said first of February, the complainant called on the defendant with John P. Martinot, a man of property, and offered him as security for the rent, at the same time informing the defendant that he, the complainant, offered the said John P. Martinot as such security, instead of the said John Campbell, in consequence of the absence from the city of a friend on whom the complainant relied to request the said John Campbell to become such surety ; that such friend, however, would be back in a day or two and that if the said John Wilson did not wish to take the said John P. Martinot, the complainant would give the said John Campbell as security as soon as such friend returned. That the said defendant said he would consider of it ; but, soon afterwards, he wrote a letter to the defendant, dated the second day of February (1845) saying that the security offered was not satisfactory and that he now felt himself at liberty to let the store to the first applicant. That, almost immediately after this, the complainant was authorized and ready and offered the said John Campbell as his surety. The complainant insisted that the delay which had occurred was, in no way, prejudicial to the defendant and was unavoidable. He prayed that the defendant might be compelled to give the proposed lease ; and he, in the mean time, restrained, by injunction, from disturbing the complainant's possession.

A preliminary injunction had issued.

The defendant, in his answer, showed that the complainant had applied to him to hire the premises then occupied by Spies ; and that the defendant finally agreed to let him have them for another year at the rent mentioned in the bill, but this was on the complainant's unconditional promise that he would give as security for the rent John Campbell of the city of New York, paper maker, known to the defendant to be a most respectable and wealthy citizen ; but the defendant denied that the complainant fixed the first day of February then next as the time when he would give such security : on the contrary, the defendant only agreed to let the said premises to the complainant on the express understanding and condition that the latter should procure the

1846.

MITCHELL
*v.*
WILSON.

said John Campbell to become such security as aforesaid and complete the agreement on or before the fifteenth day of January then next and that the complainant engaged to do so and parted with the defendant on that understanding. That about the said fifteenth day of January the defendant requested the said complainant to fulfil his agreement and give the said John Campbell as security for the rent; when the latter stated his inability to fulfil his said agreement and then, for the first time, mentioned that he relied on a friend of his to request the said John Campbell to become such security, that his friend was out of town and would return in a few days and he wished the defendant to grant him a little delay till his friend should return and he would then fulfil his agreement; that he, this defendant, did agree to wait and did wait until the first day of February thereafter to procure the consent of the said John Campbell to become such security and the complainant thereupon agreed to procure it by that time. That the defendant heard nothing more of the matter until about such first day of February, when the complainant informed him that his said friend was still absent and named the said John P. Martinot, but defendant gave him no encouragement that he would take the latter as surety. That, on the said first day of February, this defendant sent for the complainant and required him to fulfil the agreement on the terms before agreed upon, by giving the said John Campbell as surety for the rent. That complainant offered the said Martinot (who was with him) as substituted security. That, as the latter was a stranger, the defendant did not like to give a positive negative in his presence and did, therefore, say he would consider of it. And the complainant, at the same time, saying that if he, the defendant, was not willing to accept of the said Martinot as such security, he would procure the said John Campbell to become such security as soon as his, the said complainant's, friend should return to the city.

A motion was now made to dissolve the injunction.

Mr. *Clarke*, for the defendant.

Mr. *E. Paine*, for the complainant.

1846.

YATES
*v.*
WOODRUFF.

THE VICE-CHANCELLOR.—The court is of opinion that time here, in relation to the giving of the security for the rent, was of the essence of the contract and could not be dispensed with. As the complainant failed to furnish the security within the time, he was not entitled to the aid of this court by injunction to protect him in possession as a tenant.

*Order*, that the injunction be dissolved. Costs will abide the event.